For respondents: Curran, Hart, Gainer & Carr; Swan, Keeney & Smith; Henshaw, Lindemuth & Baker.

Albert S. Eastwood Lumber Co. vs. Michael Britto, et ux. } Eq. No. 9006.

Vincent F. Fabrizio vs. George Miner } Eq. No. 9939.

Vincent F. Fabrizio vs. George Miner } Eq. No. 9940.

Vincent F. Fabrizio vs. George Miner } Eq. No. 9941.

Antonio Saraceni vs. Michael Britto, et al. } Eq. No. 9639.

June 9, 1930.

BLODGETT, P. J. These several liens were consolidated.

The Eastwood petition is for lumber and building material delivered for the erection of a house on Cromwell Street, Providence, under an oral contract. Exhibit A attached to said petition sets out the dates of delivery and cost of material. The first date is February 21, 1929, and the last April 27, 1929. The date of commencement of lien proceedings is June 5, 1929.

The claim of Eastwood Lumber Co. against this parcel of real estate, the most easterly of the three lots, is $1,780.22.

Petitioner claims to have entered into an oral contract with Britto in February, 1929, and claims a lien against the owner at the time the contract was made.

Britto represented himself to be the owner at the time the contract was made.

At the time of making the agreement the record title was in the name of John Drapas. Drapas was a painter and at the time of making the contract Britto bought these lots in the name of Drapas and at the same time held a power of attorney from Drapas which enabled him to control the land and at any time transfer title to himself. Britto paid the purchase price at the time the lots were conveyed to Drapas.

Respondent Britto claims that failure to name Drapas as the owner in the commencement of legal proceedings defeats and makes the lien invalid, and cites *Chace* vs. *Pidge*, 21 R. I. 70, and *Sullivan* vs. *Bradic*, 44 R. I. 449, in support thereof.

Section 1 of Chapter 301, General Laws 1923, provides that "whenever

any building * * * * shall be constructed * * * by contract with the other thereof, * * * such owner being the owner of the land on which the same then is * * * ".

Section 5 provides that the person furnishing materials without a written contract shall enforce payment by commencement of legal proceedings giving notice to the owner of the property affected by the lien.

The two cases above cited do not touch upon the exact situation arising in this case. The record holder of the title at the time the contract was made had already divested himself of title and never had possession or control of the land.

The Court is of the opinion that Britto at the time the contract was made was the owner of said land within the intention and words of the statute.

While some effort was made on the part of Britto to throw doubt upon deliveries of material, yet the Court is satisfied deliveries were made as set forth.

Lien established in favor of petitioner for deliveries on house No. 2 on Cromwell street for $812.63.

Lien established on house No. 1 Cromwell street for $1,780.22.

Three petitions have been filed by Vincent Fabrizio; one against George Miner and Michael Britto numbered 9939. affecting the premises situated at 70 and 72 Cromwell street and to enforce a lien under a written contract with respondents. Legal proceedings were commenced December 10, 1929.

Petitioner claims that all materials were delivered and the work completed the latter part of August, 1929, and this was corroborated by one of his employees, who testified to work done under said contract in completion of the same in the early part of September. This contract was for plumbing and plumbing materials. There was some question as to whether the work was fully completed; as it seems some of the faucets had not been attached, but it was testified that same are never attached until the buildings are ready for occupancy.

The Court is of the opinion that the contract was completed before the end of August, 1929.

The testimony in the other petitions, numbered 9940 and 9941, is the same.

Lien in petition No. 9939 is established in favor of petitioner for $1,193.33.

Lien in petition No. 9940 is established in favor of petitioner for $1,193.33.

Lien in petition No. 9941 is established in favor of petitioner for $1,193.33.

A petition was filed by Antonio Saraceni, numbered 9639, under a written contract against Michael Britto for cement foundations. It was agreed that the same testimony applied to this petition that was used in the other petitions.

Lien established in favor of petitioner for $350.

For petitioners: Huddy & Moulton, Hogan & Hogan, James Di Prete.

For respondents: Edwards & Angel, McGovern & Slattery, Flynn & Flynn, Robinson & Robinson.

